**UNITED STATES of America, Appellee,**

v.

**James Raymond NELSON, Appellant.**

**No. 92–3259.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1993.

Decided Feb. 19, 1993.

Michael A. Skipper, Little Rock, AR, for appellant.

John E. Bush, Little Rock, AR, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BRIGHT, Senior Circuit Judges.

PER CURIAM.

James Raymond Nelson was charged in a two-count indictment with possession and transfer of unregistered firearms in violation of 18 U.S.C.A. § 922(*o*)(1) (West Supp. 1992).[1] He pleaded guilty to both counts and was sentenced to a prison term of 66 months, to be followed by 72 months of supervised release.

Nelson raises the following issues on appeal: (1) whether the district court erred in

---

1. On two separate occasions in Russellville, Arkansas, Nelson possessed and/or transferred a combination of parts designed for use in converting AR–15 assault rifles to fire as fully automatic machine guns. Such conversion devices are themselves defined as "machine guns" under 26 U.S.C. § 5845(b) (1988).

accepting an affidavit as to nonregistration of weapons over Nelson's objection; (2) whether the district court erred in denying Nelson's motion to dismiss the indictment based on his Second Amendment right to keep and bear arms; and (3) whether the district court erred in denying Nelson's motion to dismiss the indictment for lack of federal jurisdiction.

Identical issues were raised by the appellant in *United States v. Hale*, 978 F.2d 1016 (8th Cir.1992).[2] We addressed each issue squarely and decided each in favor of the government. Thus, we affirm the judgment of the district court.

---

**2.** We note that counsel for Nelson also represented the appellant in *Hale*. The decision of this court in *Hale* was filed on October 20, 1992, and counsel for Nelson filed his brief in this case approximately one month later. Counsel, however, neglected to bring to our attention the decision in *Hale*, which is directly adverse to the position of his client. Despite the fact that the government in this case cited *Hale* in its brief, counsel for Nelson had an obligation to disclose this controlling legal authority to the court.